## SMITH v. DONAHOE, Sheriff.

1. Under Laws 1889, C. 26, § 8, providing that in case of the sale of mortgaged chattels on foreclosure the officer shall pay—First, all costs and expenses of the sale; second, the mortgaged debt; and, third, shall pay the balance to the owner of the property,—a junior mortgagee of the property, whose mortgage is due, is possessed of the mortgagor's right to a remaining surplus, and may maintain trover against an officer refusing to pay such surplus to him in satisfaction of his claim.

2. Where a junior chattel mortgage contains a clause covering "all other goods not listed above, in the barber shop," etc., of the mortgagor, such clause is sufficient to include "a subscription list for tickets," described in the senior mortgage, but not specifically mentioned in the junior instrument; and hence the two mortgages sufficiently cover the same property so as to entitle a junior mortgagee to a surplus remaining on sale of the property, after satisfaction of the senior mortgage.

3. Where a junior chattel mortgage fails to include in its description of the property "a subscription list for tickets" named in a senior mortgage, and on the trial of an action by the junior mortgagee to recover from an officer a surplus remaining after foreclosure sale under, and satisfaction of, the senior mortgage, it appears that the subscription list was worthless, there is not such a variance in the descriptions of the property in the several instruments as to defeat plaintiff's recovery.

4. Where mortgaged chattels are sold by the sheriff under foreclosure proceedings, and the mortgage satisfied, a junior incumbrancer may maintain trover to recover a surplus remaining in the officer's hands, and is not restricted to a suit in equity, since a mortgagee's interest is one which may be protected by an action at law, though he have only a lien on the property, and not title thereto.

5. Where, on trial of an action by a junior mortgagee of chattels to recover from an officer a surplus remaining after foreclosure sale under a senior incumprance and satisfaction thereof, it does not affirmatively appear that plaintiff's mortgage was not next in succession, it will be presumed on appeal. in support of a judgment in his favor, that it was so.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge

Action by E. L. Smith against Den Donahoe, as sheriff of Minnehaha county. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*P. J. Rogde*, for appellant.

Any surplus remaining of the purchase price received at a chattel mortgage foreclosure sale belongs to and is held by the party making the sale in trust for the mortgagor. Jones on Chattel Mortgages, §§ 712, 817; Cobbey on Chattel Mortgages, § 984.

If the holder of a second mortgage permits a foreclosure sale on the first mortgage, he has no right to the surplus; it goes to the mortgagor. Donjoy v. Bank. 67 N. W. 956; Lucking v. Wesson. 25 Mich. 443.

To entitle one to maintain an action for conversion he must allege and prove that he was in possession, or entitled to the immediate possession of the property converted, at the time of conversion. Parker v. Bank, 54 N. W. 313; Cobbey on Replevin, § 60; 26 Am. & Eng. Enc. Law 744.

*A. B. Kittredge*, for respondent.

A second mortgagee of property is entitled to the extent of his lien to any surplus after foreclosure of the first mortgage. Jones on chattel Mortgages, 494 and 817, Jones on Mortgages, Vol. 2, 1940; Huelmantel v. Vinton, 74 N. W. 1004; Newman v. Tymerson. 13 Wis. 172; Howard v. Chase, 104 Mass. 249; Appleton v. Bancroft, 10 Met. 231.

CORSON, J. This is an action by the plaintiff to recover of the defendant, as sheriff of Minnehaha county, damages for an

alleged conversion by the defendant of the sum of $151.33, the surplus remaining in his hands on the sale of certain chattel mortgage property under foreclosure by advertisement. Judgment for the plaintiff, and the defendant appeals. The trial was had to the court with a jury. Before the introduction of any evidence on the part of the plaintiff, the defendant objected to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The objection was overruled, and the defendant excepted.

It is alleged in the complaint that in September, 1893, one L. M. Banks, being the owner and in possession of certain described personal property situated in a certain barber shop in the city of Sioux Falls, mortgaged the same to Edmison and Jameson to secure the payment of a promissory note for the sum of $672, with interest; that said mortgage was duly filed for record; that thereafter, and before the 25th day of September, 1897, said Jameson sold, assigned, and transferred said chattel mortgage, with the note it was given to secure, to the respondent; that no part of the same has been paid, and that the same is now due and owing to the plaintiff; that on the 1st day of September, 1897, and before the seizure thereinafter mentioned, said note, with interest, became due, and said Banks failed to pay the same or any part thereof, and that thereupon, pursuant to said mortgage, the plaintiff became entitled to foreclose the same, and to take immediate possession thereof for that purpose; that thereafter, in said month of September, 1897, the appellant, as sheriff of Minnehaha county, under and by virtue of a chattel mortgage made and executed by said L. M Banks and ——— Banks, co-partners as Banks Bros., to one C. C. Carpenter, to secure the payment of $500,

and dated the 23d day of January, 1893, and duly assigned by said Carpenter to the Dakota National Bank, seized said property; that the appellant, under the last-mentioned mortgage, proceeded to sell the said property, and, after paying all costs and expenses of the sale and the balance due said bank, there remained in the hands of said appellant, as sheriff as aforesaid, the sum of $151.33; that at the time of said foreclosure and sale the respondent served upon and filed with said appellant, as sheriff, a copy of his said mortgage, and demanded payment to him of the balance of the proceeds of said sale, but that appellant declined and refused to pay the same, or any part thereof, wherefore the respondent demanded judgment against the appellant for the balance so remaining in his hands, together with his costs and disbursements.

It is contended on the part of the appellant that the allegations of the complaint do not show a cause of action against the defendant, and in favor of the plaintiff, for the reasons that the allegations of the complaint show conclusively that there was a legal sale by the appellant as sheriff of the property described and covered by the senior mortgage, under a legal statutory foreclosure of such mortgage, and that the money claimed to have been converted by the appellant was the surplus in his hands after paying the amount due upon said senior mortgage and the costs and expenses of foreclosure, and the respondent claims title to, and right of possession of, such surplus solely as a subsquent lienholder by virtue of his junior mortgage. Appellant further contends that by Section 8, C. 26, Laws 1889, it is provided that, in case of a sale of the mortgaged property, the officer shall—First, pay all costs and expenses of the sale; second, shall pay the amount of the mort-

gage debt; and, third, "shall pay the balance, if any there be, to the owner of the mortgaged property"; and that therefore, under and by virtue of such statute, the mortgagor, Banks, was entitled to the surplus arising from such sale, and not the respondent, who was not the owner of the mortgaged property, and who had only a lien upon the same for the amount due him. We are of the opinion that this contention is not tenable. The respondent, as junior mortgagee, as to this surplus, took the place of Banks, the original owner of the mortgaged property. The construction of the section claimed for it by the appellant would be too narrow. and not in accordance with the evident intention of the lawmaking power in enacting the section. Ordinarily, when a sale has been made of mortgaged personal property, any surplus remaining after payment of the mortgage debt and the costs and expenses of foreclosure should be paid to the mortgagor or owner of the property; but when, as in this case, such owner has given a second mortgage upon the property, and that mortgage is due and payable at the time of the sale under the prior mortgage, the surplus, to the extent of the amount due upon the second mortgage, should be paid to the holder of such junior mortgage. Suppose in the case at bar the appellant had seized all of the property mortgaged, and when enough had been sold to satisfy the prior mortgage the respondent had demanded possession of the remainder of the property unsold for the purpose of the foreclosure of his junior mortgage, would there be any doubt as to the duty of the appellant to have delivered to him upon such demand the property so remaining unsold? We think there would be none. The mere fact, therefore, that the property was all sold in one lot, and that there was a balance in money

in the hands of the appellant, instead of property, could make no difference as to the rights of the respondent or the duty of the appellant. The appellant either committed a wrong against the respondent in selling all the property under the prior mortgage, or else the surplus in his hands should go to the respondent To hold that an officer selling property under a prior chattel mortgage can sell it all to satisfy the prior mortgage, and pay over the surplus to the mortgagor, and thereby deprive the junior mortgagee of any benefit under his mortgage, would certainly be so construing the statute as to do an injustice to the junior mortgagee, which could have never been intended by the legislature in enacting the law. We think, therefore, a fair construction of the section is that any surplus remaining after the sale shall be paid over to the owner, or to the person who for the time being is entitled to it in place of the owner Taking this view of the statute, we think the complaint was clearly sufficient, and stated a good cause of action against the appellant.

The complaint was fully sustained by the evidence in the case, in that it was clearly shown that in the respondent's mortgage was included substantially the same property that was included in the prior mortgage. At the time of the sale of the property under the prior mortgage, the note and mortgage of the respondent were past due. It would seem, therefore, from the facts in the case, that the respondent was clearly entitled to the surplus remaining upon the sale of the mortgaged property under the prior mortgage, after payment of all that was due thereon and costs.

It is further contended on the part of the appellant that there was property included in the prior mortgage that was

not included in the junior mortgage, but we are of the opinion that this contention is not sustained by the evidence. It is true that in the prior mortgage was mentioned specifically a "subscription list for tickets" which is not designated in the junior mortgage. In respondent's mortgage in place of the above is the following description: "And all other goods not listed above in the barber shop and bath rooms now used by L. M. Banks." If there were, therefore, any subscriptions for tickets which were of any value, they would be included in this description in the respondent's mortgage. But, even if they were not included, under the evidence in this case it would not be material, as it was shown on the trial that they were of no value, or "of no account," as stated by the witness; they being subscriptions taken several years previously upon a proposed establishment of a Turkish bath, which presumably was never established.

Appellant further contends that, inasmuch as respondent's interest in the surplus was only an equitable lien or interest, it could only be enforced and become operative in an equitable action, and he bases this contention upon the theory that a mortgagor in this state is not vested with title to the mortgaged property, but only as a lien thereon for the amount of the debt due him. While it is true that a mortgagee acquires no title to the property until the foreclosure and sale of the same, yet it does not follow that he does not have such an interest as can be protected by an action at law. Actions are constantly brought against officers by mortgagees for the conversion of the mortgaged property, and it has not heretofore been questioned as a proper proceeding. A mortgagee in possession of mortgaged property may maintain an action of trespass or

trover for the taking or conversion of the same, or an action in claim and delivery to recover possession of the same, and, in the case at bar, had a portion of the property remained in the hands of the officer after the sale, and the debt of the first mortgage had been satisfied, certainly an action for trover or claim and delivery might have been maintained by the respondent, and we see no reason why an action at law may not be maintained for the surplus arising from such sale. This contention of the appellant, therefore, cannot be sustained.

It is further contended on the part of the appellant that there was neither an allegation in the complaint nor evidence tending to show that respondent's mortgage was the next succeeding lien to the one upon which the property was sold, but we think there is no merit in this contention, as the entire case was tried upon the theory that the respondent's mortgage constituted the next lien in order upon the mortgaged premises, and, if it was not, the appellant could have easily shown in his defense that he was holding the surplus in his hands for a subsequent lienholder, who was entitled to it in preference to the respondent. As it does not affirmatively appear that the mortgage of respondent was not the next in order, we must presume, in support of the judgment of the court below, that it was such. Finding no error in the record, the judgment of the circuit court is affirmed.