[No. 6084.]

### BRADFORD ET AL. v. ROBERTS.

1. **Lease—Construction**—Covenant that if the lessee fails to do the necessary work, the lessor may do it, and deduct the cost from the lessee's interest in the crop, does not give a lien to the lessor. A mortgage by the lessee, duly recorded, takes precedence of the claim of the lessor.—(333)

2. **Liens—Waiver—**A lien upon chattels is waived if the party entitled to it levy an attachment upon the same property for the same indebtedness.—(333)

3. **Chattel Mortgage—Failure to Assume Possession—**One who, before the maturity of a mortgage debt, seizes the mortgaged chattels under an attachment against the mortgagor, obtains possession thereof as custodian and afterwards causes them to be sold under execution, will not be heard to contend that the mortgagee was delinquent in not assuming possession within the time prescribed by statute.—(334)

*Appeal from Boulder District Court* — Hon. JAMES E. GARRIGUES, Judge.

Mr. H. M. MINOR, for appellant.

Mr. T. J. ATWOOD, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In this action by Ben Roberts, as mortgagee of personal property, against Charles Bradford and Sarah Bradford, for its conversion,. he recovered judgment, from which they appeal. The material facts are not in controversy. The Bradfords owned a farm which they let for the season of 1904 to E. G. Rodiboux for farming purposes. By the terms of the written lease the lessee was to have a certain share of the crops grown that season, and of certain other of the lessor's personal property. Roberts worked for Rodiboux on the farm and Rodiboux gave Roberts his promissory note for the amount of his wages and other money due him, and secured it by a chattel mortgage upon this property, and it was duly recorded. During the term of the lease, the Bradfords, conceiving that they had a claim against Rodiboux and Roberts, brought an action against them in a justice court, and sued out a writ of attachment thereunder which was levied upon the mortgaged property which the constable left with the Bradfords

as custodians. For some reason this action was dismissed before the return day, and immediately a second action against the same defendants was instituted and a writ of attachment sued out and levied upon the same property, and the same disposition was made of it. On the trial of the second action the same was dismissed as to defendant Roberts and upon service by publication against Rodiboux judgment was rendered against him, to be satisfied out of the attached property. Subsequently it seems that a third action was brought by the Bradfords against Rodiboux alone and judgment recovered against him, and the mortgaged property theretofore seized under the writs of attachment was sold, whether under the third or the second judgment it is not material in this case to inquire, since it was sold by the constable and the Bradfords got the benefit of it under some judgment against Rodiboux. Upon such a state of facts, and it appearing that Rodiboux' debt to Roberts was a valid debt, and that the mortgage was in proper form and duly executed and recorded, and the mortgage debt not mature at the time of the seizure, it would seem that the judgment below in Roberts' favor was right. Upon this appeal the Bradfords, as defendants below, argue a number of grounds for a reversal. Under the admitted facts, none of them are of much importance, and we refer only to those which, under any possible hypothesis, might have a semblance of merit.

It is first said that under the lease from the Bradfords to Rodiboux, which contained a clause that gave to the lessors, in case the lessee failed to do the necessary work thereunder, the right to do the same and deduct the cost or value thereof from the lessee's interest in the crops, the lessors acquired a lien upon Rodiboux' interest superior to that of

the mortgage, because Rodiboux abandoned the
farm and removed from it and failed to do the neces-
sary work, which the Bradfords were compelled to do.
If it be assumed that there was some evidence tend-
ing to show that Rodiboux abandoned his lease and
removed from the farm, or if, as matter of fact,
there was an abandonment, the lease did not purport
to, and did not, create a lien in favor of the lessors
for the value of work which they may have been re-
quired to do because of the alleged breach.    Besides,
if a lien was thereby created, the Bradfords waived
it when they brought their various actions and seized
and levied upon and sold the mortgaged property as
belonging to Rodiboux.

Another contention is that plaintiff Roberts, as
mortgagee, did not take possession of the mortgaged
property within the statutory time after the maturity
of the mortgage debt, or at all, and, therefore, as
matter of law, lost his lien.    If the fact be as as-
serted, defendants certainly are not in position to
take advantage of the failure.    Long before the ma-
turity of the mortgage debt and while the mortgage
was a valid lien, these defendants, as plaintiffs in the
suits already referred to, seized this property and
took it from the possession of the mortgagee and
subsequently converted the same through the execu-
tion sales to their own use, and for their benefit.    The
present action is not an intervention in those attach-
ment suits, neither is it one for the recovery of pos-
session of personal property.    It is an action for the
value of the property to which plaintiff claims a
superior lien as against defendants who converted it.
His right of action for the conversion accrued when
they made the seizure.    The property was continu-
ously held by the Bradfords after seizure under
judicial writs and until it was sold at the execution
sale.    After having thus wrongfully deprived the

mortgagee, Roberts, of its possession, they cannot be heard to say that he did not take possession of it under his mortgage within the prescribed time after the maturity of the mortgage debt.

The other contentions of the appellants upon questions of fact are not worthy of consideration. Under the admitted facts the trial court properly instructed the jury to find the issues in plaintiff's favor and left for their determination only the amount of his damages, concerning the measure of which they were properly advised. The amount of the verdict was fully justified by the evidence and the ascertainment made under appropriate instructions. The judgment is right and is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.