No. 12,290.

JOHNSON *v.* NATIONAL SUGAR MANUFACTURING COMPANY ET AL.

(297 Pac. 995)

Decided March 30, 1931.

Mr. I. H. STANLEY, for plaintiff in error.

Mr. HARRY E. MAST, for defendants in error.

Mr. J. E. ROBINSON, amicus curiae.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

E. P. JOHNSON, plaintiff in error, hereinafter referred to as plaintiff, brought an action to recover judgment in the sum of $766.69 and interest from the National Sugar Manufacturing Company, a corporation, one of the defendants in error, hereinafter referred to as defendant.

406

Upon motion of defendant, on November 5, 1925, H. E. Brayton, as trustee of the estate of J. F. Rife, a bankrupt, was made a party defendant, and thereafter the cause came at issue. Trial was had to the court on June 27, 1927; the matter was taken under advisement until October 22, 1928, when judgment for costs was rendered in favor of defendants. The plaintiff prosecutes this writ to review the judgment.

The case was tried upon a stipulation of facts which, so far as material here, disclosed the following: J. F. Rife, as mortgagor, on June 13, 1924, executed and delivered to defendant his chattel mortgage upon a certain sugar beet crop, then maturing, to secure the payment of his promissory note in the sum of $235.33, payable to the order of defendant; on August 1, 1924, Rife, as mortgagor, executed and delivered to plaintiff his chattel mortgage, expressly subject to defendant's chattel mortgage, upon the same sugar beet crop, and other property, to secure the payment of his promissory note due November 1, 1924, in the sum of $734.09, payable to the order of plaintiff. Prior to November 14, 1924, the date upon which the sugar beet crop was delivered to defendant, in an action against the mortgagor, defendant was garnished, and on December 2, 1924, answered, as garnishee, that it held the proceeds of the sugar beet crop, subject to plaintiff's chattel mortgage; on November 25, 1924, plaintiff, having learned of the garnishment proceedings, wrote defendant demanding the payment to him of the amount of his note secured by the chattel mortgage. December 4, 1924, Rife, mortgagor, filed his voluntary petition in bankruptcy, and on December 6, 1924, was regularly adjudged a bankrupt; on January 2, 1925, codefendant Brayton was appointed and qualified as trustee in bankruptcy, and on January 10, 1925, an ex parte order was entered by the referee in bankruptcy requiring defendant to forthwith pay to the trustee all monies in its hands belonging to the bankrupt, which order was complied with by defendant, and in this order the referee en-

joined all further proceedings in the action in which the mortgagor and bankrupt were defendants, and the defendant herein was the garnishee. No extension of plaintiff's chattel mortgage was filed or recorded. On January 23, 1925, plaintiff presented his note and chattel mortgage to the referee in bankruptcy, requesting that the same be allowed as a secured claim, but, because the parties asked, and were allowed time within which to submit briefs, the matter was not submitted to the referee for final determination, and on June 19th, after submission of all briefs, upon request of plaintiff, the referee entered an order permitting plaintiff to withdraw his claim, upon payment of all costs in connection therewith, which costs were paid and the claim withdrawn. Plaintiff was aware that defendant kept itself advised of all chattel mortgages on sugar beet crops, and when mortgaged sugar beets were purchased by it, the check for the proceeds thereof was made payable to the order of the grower and mortgagee. Plaintiff neither expressly consented to the sale of the sugar beets to defendant, nor did he expressly object thereto.

The complaint alleges the note and the chattel mortgage given by Rife to plaintiff; that the proceeds of the sugar beet crop purchased by defendant were sufficient in amount to fully pay and discharge the indebtedness of Rife to defendant, with a sufficient surplus to pay plaintiff's note, and discharge the lien of his chattel mortgage; demand for this amount, and refusal, and prays judgment. The answer of trustee, considered in the light of the stipulated facts, is an admission of the allegations of the complaint, and for a separate defense it pleads the proceedings in the bankruptcy court as res judicata; a second separate defense alleges that plaintiff had no lien or claim on the property described in the chattel mortgage, after December 1, 1924, because no extension thereof was filed or recorded within the statutory period, and possession within such time was not taken by mortgagee, plaintiff herein; a third separate defense alleges that the

proceeds of the sugar beet crop are lawfully in the custody of the bankruptcy court, and the trial court is without jurisdiction. Defendant alleges that it has complied with all orders of the bankruptcy court, with reference to the disposition of funds in its possession as proceeds of the mortgaged beet crop; that the issues and questions herein involved, were in fact, or could have been, litigated in other actions, and therefore the trial court was without jurisdiction to hear and determine this matter.

The plaintiff, on November 25, 1924, demanded from defendant sufficient of the surplus remaining in its hands, after the payment of its senior mortgage, with which to discharge the junior or plaintiff's mortgage, and this demand was refused. It therefore becomes necessary for us to determine the relative rights and duties of the parties, as of this date.

"It is a well-settled rule that a junior mortgagee of the property is entitled to any part of the proceeds remaining after satisfying prior encumbrances." 11 C. J. 714. See, also, *White v. Quinlan,* 30 Mo. App. 54, 65; *Vale v. Stubblefield,* 39 Okla. 462, 135 Pac. 933; *Northern Brewery Co. v. Princess Hotel,* 78 Or. 453, 153 Pac. 37; *Smith v. Donahoe,* 13 S. D. 334, 83 N. W. 264; *Money v. Somers Bank,* 202 Iowa 106, 209 N. W. 275; *Russell v. Lau,* 30 Neb. 805, 47 N. W. 193; *Clendening v. Hawk,* 8 N. D. 419, 79 N. W. 878; *Central Corp. v. Norton Co.,* 23 Ariz. 517, 205 Pac. 810.

The complaint is one in assumpsit for money had and received, and defendant is in error in assuming that the action is one in conversion.

In *Zang Brewing Co. v. Bernheim,* 7 Colo. App. 528, 529, 44 Pac. 380, it is said: "The case must be treated as in effect a suit * * * to compel them to pay over money had and received to the plaintiff's use. Such actions can always be maintained wherever one has received money which, in equity and good conscience, he ought to pay over. It is wholly unnecessary to the maintenance of this action that there should be any privity

between the parties, or any promise to pay, other than the implied promise which results when one has another's money, which he is bound to pay over." See, also, *Mumford v. Wright,* 12 Colo. App. 214, 219, 55 Pac. 744; *Spencer v. Brundage,* 69 Colo. 520, 523, 194 Pac. 1104.

So far as we are advised, it is a universal rule of law, that when one has in his possession funds, which in equity and good conscience belong to another, the law creates a promise to pay said funds to their owner, and, in case of refusal to do so, an action in assumpsit for money had and received is a proper action to enforce payment.

The bankrupt had contracted to deliver his beet crop to defendant, who, being a senior mortgagee, would, from the proceeds, first pay itself the amount due upon its chattel mortgage, and as to the surplus, become a holder thereof, for payment to those entitled thereto; its position, as to such surplus, being analogous to that of a trustee. The amount realized from the sale of the beet crop was sufficient to discharge in full the chattel mortgage held by both defendant and plaintiff, leaving a substantial balance, but when Rife, the mortgagor, was adjudged a bankrupt, and an ex parte order entered in these proceedings, requiring defendant to pay the monies of the bankrupt over to the trustee in bankruptcy, defendant paid over all monies in its hands, in excess of the amount necessary to discharge bankrupt's chattel mortgage lien to it, notwithstanding the fact that plaintiff had demanded the payment of the note secured by a junior chattel mortgage, and also, that defendant had been served as a garnishee in a proceeding in the district court. Under these circumstances, defendant might have filed a bill of interpleader, and allowed some court of competent jurisdiction to determine to whom the funds belonged, and a payment to either, without such determination, was made at defendant's peril. In *Illingworth v. Rowe,* 52 N. J. Eq. 360, 365, 28 Atl. 456, it is said: "The complainant, without fault on his part, is in a position where he may be compelled to pay the same debt

twice. Equity will not leave him in that position. If no remedy for such a wrong existed, it would be the duty of a court of conscience to invent one."

It is further urged by defendant, that plaintiff, by appearing before the referee in bankruptcy, and urging his claim as a secured claim against the estate of the bankrupt, has precluded himself from maintaining this action. It will be remembered, that the referee, before adjudicating this claim, upon motion of the plaintiff, allowed the withdrawal of the claim. This contention of defendant is effectually disposed of by our decision in *Stewart-Noble Drug Co. v. Bishop-Babcock-Becker Co.*, 62 Colo. 197, 162 Pac. 159.

Our attention is directed to a recent decision of this court, *Middlesex Safe Deposit Co. v. Jacobs*, 87 Colo. 445, 449, 290 Pac. 784, where it is said: "If the bank, as it claims, was the owner and in possession of the Coram note to the bank at the time of these bankruptcy proceedings, and as the note was a provable debt therein, it was its duty to file its claim thereon in the bankruptcy proceedings, which it did not do."

It is urged upon us that this decision is authority for holding that, unless the owner of a secured claim appears in the bankruptcy court, and has his secured claim presented and allowed as such, he may not thereafter rely upon his security. Notwithstanding this language may be susceptible of such construction, we did not intend to so hold in that case, and we adhere to the rule announced in the Stewart-Bishop case, supra. See, also, 5 Remington on Bankruptcy, section 2134; 1 Collier on Bankruptcy (12th Ed.), pages 797, 798; *Babbitt v. Dutcher*, 216 U. S. 102, 113, 30 Sup. Ct. 372; *Taubel, etc., Co. v. Fox*, 264 U. S. 426, 44 Sup. Ct. 396; *Johnson v. Doebler*, 275 Fed. 822.

The lien of the plaintiff's chattel mortgage was undoubtedly valid as against defendant sugar company on November 25, 1924, the date of plaintiff's demand and defendant sugar company's refusal, and it was at this time, and under these circumstances, that plaintiff's

cause of action, for money had and received, fully accrued. The lien of the chattel mortgage after this date became unimportant, so far as these parties were concerned, because plaintiff might forego his chattel mortgage lien, if he so desired, and rely wholly upon his cause of action on money had and received. It is therefore unnecessary for us to consider the objections urged by counsel for defendant sugar company, respecting the failure to extend the chattel mortgage. *Rocky Mt. Seed Co. v. McArthur,* 85 Colo. 1, 3, 272 Pac. 1117; *Bradford v. Roberts,* 46 Colo. 330, 333, 104 Pac. 391; *Littell v. Brayton Co.,* 70 Colo. 286, 289, 201 Pac. 34.

■ ■ Rife, on December 4, 1924, filed his voluntary petition in bankruptcy, and was thereafter adjudged a bankrupt, and a trustee appointed. The rights, remedies, and duties of the trustee relate to the date of filing the petition. 1 Collier on Bankruptcy (13th Ed.), 780. The trustee in bankruptcy was in nowise affected by the demand and refusal of November 25, 1924, and no notice thereof could be imputed to him. The trustee was then in a position where he could choose which of four rights or titles he would assert: (1) Those of the bankrupt; (2) those of a creditor in position to avoid fraudulent transfers; (3) those of a creditor who has actually acquired rights to which the trustee might be subrogated; or, (4) those of a creditor with a lien or execution. 4 Remington on Bankruptcy, 302, §1553; *Hincke Co. v. Bailey,* 83 Colo. 242, 248, 263 Pac. 719; *In re Bonk,* 268 Fed. 1012, 1015; *In re Seward Dredging Co.,* 242 Fed. 225, 227.

■ When the defendant sugar company paid the funds remaining in its possession into the bankruptcy court, without in anywise protecting itself in respect thereto, and without apprising the trustees of the rights accruing to the plaintiff by reason of his demand and its refusal thereof, it is relegated to a claim in the bankruptcy court for a repayment of the sum thus paid. In any event, if the defendant sugar company had discharged its entire duty respecting the payment of the

funds in its hands, the bankruptcy court would have been in a position where it would have acquired unquestioned jurisdiction over all the parties and the funds.

The able and comprehensive brief filed by J. E. Robinson, upon our request, has been of invaluable assistance to us.

The judgment for costs, as to H. E. Brayton, as trustee in bankruptcy of the estate of Jess Frank Rife, bankrupt, is affirmed, and the judgment in favor of the National Sugar Manufacturing Company, a corporation, is reversed and the cause remanded, with instructions to enter judgment in favor of the plaintiff and against said defendant for $603.74 together with statutory interest thereon from November 25, 1924.