**SULLIVAN v. JONES DISTRIBUTING CO.**

No. 3892.

United States Court of Appeals
Tenth Circuit.

Nov. 8, 1949.

Thomas K. Hudson, Denver, Colo., for appellant.

Walter W. Blood, Denver, Colo. (Martin J. Harrington, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The subject of this appeal is the proper distribution of $7,395.79, held by the receiver, appointed in aid of foreclosure proceedings against the La Salle Music Company, on the date of his final discharge.

In April 1948, appellee as holder of conditional sales contracts, promissory notes and chattel mortgages covering certain musical machines and related equipment, in the possession of the La Salle Music Company, brought this action in the United States District Court of Colorado, praying a decree of foreclosure and sale of its securities, and the immediate appointment of a receiver. A receiver was appointed and ordered to take possession of the prop-

erties set forth in the complaint and operate the same under orders of the court. Shortly after the foreclosure proceedings were instituted the La Salle Music Company was adjudged a bankrupt, and appellant, James A. Sullivan, as Trustee, intervened in the foreclosure proceedings. Thereafter, and until final disposition of the foreclosure proceedings, the mortgaged property was operated under the joint supervision of the Referee in Bankruptcy and the equity receiver.

The trial court sustained appellee's claim for $72,562.78, granted judgment therefor, and by foreclosure decree ordered the property sold at public auction, in accordance with the laws of Colorado. The decree permitted any party to the action to bid at the sale, and provided that any bid made by appellee should be considered a cash bid to the extent of its judgment. Appellee, as highest bidder, purchased the property for $51,500; the sale was confirmed, and the court ordered the records to show that appellee's judgment of $72,562.78, had been partially paid and satisfied to the extent of $51,500, leaving a deficiency of $21,130.08.

The final report and account of the equity receiver showed a cash balance of $7,395.79, realized from the operation of the mortgaged property during the foreclosure proceedings. Appellee asserted a claim to this fund, based upon its deficiency judgment. Whereupon the appellant Trustee submitted a contract showing that before confirmation of the judicial sale, the appellee had sold the property to a third party for $20,000 more than it had bid for it, and within $1,312.78 of the amount of its deficiency judgment. The Trustee contended in effect that the appellee had practiced fraud upon its mortgagor and the court by selling the property at what was "tantamont to a private sale", and asked that it be held accountable for the $20,000 to apply on its deficiency judgment. The trial court found that the contract between the appellee and the third party was not "inequitable", ordered the cash balance of $7,395.79 paid to appellee and the Trustee has appealed contending that the order is contrary to the law and evidence.

In his brief and argument before this court appellant ignores the foreclosure proceedings, and proceeds on what we think is the erroneous premise that the appellee sold the mortgaged property at a private sale. He relies upon cases to the effect that a mortgagee who takes possession of the mortgaged property and sells the same at a private sale will be held strictly accountable as Trustee for the mortgagor for any surplus remaining after the mortgage claim has been satisfied. See First National Bank of Colorado Springs v. Wilber, 16 Colo. 316, 26 P. 777; J. H. Hincke Printing Co. v. Bailey, 83 Colo. 242, 263 P. 719; Johnson v. National Sugar Manufacturing Co., 88 Colo. 404, 297 P. 995.

■ Here the mortgagee acquired possession of the property as highest bidder at a judicial sale, conducted under orders of a court of equity in foreclosure proceedings, and subject to its confirmation. By this procedure, the mortgagor is fully protected for the mortgagee acquires no vested right in the property purchased at the judicial sale until the sale has been confirmed. The mortgagor is thus accorded a full opportunity to present any matters pertaining to the manner of sale, inadequacy of price and the like. Vol. 1 Glenn on Mortgages, Sec. 92, p. 556. Appellant made no objections to the manner in which the judicial sale was conducted, the adequacy of appellee's bid, or the amount adjudicated to be due on its judgment after application of the bid price thereto, and the sale was confirmed. The order of confirmation was a final adjudication of these matters; appellee's rights as purchaser became vested, and such order cannot be set aside, unless it is shown that it was procured by fraud which vitiated the sale and confirmation. See Freeman on Judgments, Vol. 2, Sec. 850, p. 1799.

■ The contract relied upon by appellant to establish fraudulent conduct by the appellee, shows that on the date before the court confirmed the judicial sale, appellee agreed to sell all the properties it had purchased at the foreclosure sale to Jacob H. Singer for the sum of $71,250.00. By

its terms the contract was subject to confirmation of the judicial sale by the court, and Singer agreed to accept only such title as the appellee received in the foreclosure proceedings. Appellee not only agreed to give title to the property but also to assign any deficiency judgment entered in its favor; other securities which it held in the nature of second trust deeds, and whatever right it had to any sums held in the hands of the receiver on the date of his discharge. It was further agreed that if Singer desired, appellee would attempt to realize in its name upon the collateral securities, but for his benefit.

Clearly, the legal effect of the contract was to assign to Singer all the rights accruing to the appellee by reason of the foreclosure proceedings, and there is nothing in the contract which in any way impeaches the validity of the judicial sale and order of confirmation.

Appellant says that since the contract between appellee and Singer was not in litigation the court erred in passing upon the equities between the parties thereto. But, the court did not adjudicate any matters between the parties to the contract. Appellant submitted it to the court as an evidentiary basis of his allegations of fraud and the court considered it only insofar as it tended to support such allegations.

The pleadings in the foreclosure proceedings were made a part of the record on appeal, pursuant to appellee's designation. Appellant says that such pleadings are not material to the issue presented here, and by motion asks that the costs of printing be assessed against appellee. It is true that appellant appeals from the order distributing the $7,395.79 held by the receiver on the date of his discharge, but the effect of his contentions is an attack upon the foreclosure proceedings, in which appellee obtained possession of the property. The pleadings are a necessary part of the record on appeal, and appellant's motion for assessment of costs is denied.

The judgment of the court ordering that the $7,395.79 be credited upon appellee's deficiency judgment is affirmed.