THE PH. ZANG BREWING COMPANY v. BERNHEIM ET AL.

ACTION FOR MONEY HAD TO ANOTHER'S USE.

Actions for money had, etc., can always be maintained wherever one has received money which, in equity and good conscience, he ought to pay over. It is unnecessary that there should be privity between the parties or any actual promise to pay.

*Appeal from the District Court of Arapahoe County.*

Mr. GRANT L. HUDSON, for appellant.

Messrs. ROGERS, CUTHBERT & ELLIS and Mr. FRANK L. WOODWARD, for appellees.

BISSELL, J., delivered the opinion of the court.

The condition of the present record removes any necessity for more than a simple statement of the proceeding and of the single error on which the appellant has a right to rely. Three errors are assigned, but the first, which is based on the alleged error committed by the court in overruling the motion for judgment on the pleadings, is the only matter open to consideration. The other two really rest on the alleged insufficiency of the evidence to support the judgment and on objections taken to its introduction. There is no bill of exceptions in the record and these matters are consequently not open to discussion.

The proceedings are somewhat out of the usual order, and we do not intend to express any opinion respecting their regularity or propriety, except so far as we shall hold the appellant debarred from taking advantage of an irregularity, if any exists. Stated briefly, the issue springs from the averments of a petition, which was filed by the appellees, Bernheim Bros., and Uri, wherein it is made to appear they were judgment creditors of Herman Ell for a sum named. It is also set up there were certain other judgments in favor of other parties,—Oppenheimer Bros., and Rab Bros.,—for

specific sums.    Executions were issued on the several judg-
ments and money collected which satisfied the Oppenheimer
judgment in full and the Rab judgment partially, and left a
balance which was, according to the appellees' contention,
properly applicable to the payment of their judgment.    This
money was in the hands of the sheriff.    He failed to apply
it on the appellees' claim, but turned it over to a constable,
who held an execution in favor of the Zang Brewing Com-
pany, and the money ultimately went to the Brewing Com-
pany, which applied it to the satisfaction of their claim.
This diversion of the money was averred to be in wrong of
the Bernheim Bros., and they set up the facts tending to show
the money should have been paid to them; that the Brewing
Company were not entitled to hold it and were bound to re-
turn it to them, or to the sheriff, to be applied to the satisfac-
tion of their judgment.    An order was asked directing the
Brewing Company to appear and answer the petition, and, it
being found to be true, that the Brewing Company be ordered
to turn over the money.    The Brewing Company simply
answered in denial and did not attack the proceedings as
irregular in any way, nor insist on the institution of a suit
for money had and received, and the service of a process in
the ordinary way to bring the Brewing Company in to answer
and defend.    We express no opinion respecting this proced-
ure, concluding the Brewing Company barred by reason of
their appearance, answer and contest.    Judgment ultimately
went against the Brewing Company, and they prayed an
appeal and filed a bond and brought the case here.

The case must be treated as in effect a suit by the Bern-
heim Bros. against the Brewing Company to compel them to
pay over money had and received to the plaintiff's use.    Such
actions can always be maintained wherever one has received
money which, in equity and good conscience, he ought to pay
over.    It is wholly unnecessary to the maintenance of this
action that there should be any privity between the parties,
or any promise to pay, other than the implied promise which
results when one man has another's money, which he is bound

to pay over. The rule in these cases is very broad, and is ample to include an action by the Bernheim Bros. against the Brewing Company to compel them to pay over this fund, which they had wrongfully received and applied to the discharge of their debt. It is recognized in many cases, and in some which are very closely analogous to the one at bar. *Brand v. Williams*, 29 Minn. 238; *Haebler v. Myers et al.*, 132 N. Y. 363; *Clark et al. v. Pinney*, 6 Cowen, 297.

Since the Brewing Company are in no situation to avail themselves of any irregularity in the proceedings, and they are legally obligated to pay the money to the Bernheim Bros., the judgment which the court entered was entirely correct.

The record presents no error which justifies the reversal of the case, and since we are compelled to presume the evidence was sufficient to justify the judgment, it must be affirmed, which is accordingly done.

*Affirmed.*