[No. 6968.]

## SPRINGHETTI ET AL. V. HAHNEWALD ET AL.

1.  PLEADING—*Waiver*—A demurrer for a misjoinder of plaintiffs is overruled.   Defendants answer and proceed to trial. The misjoinder is waived.

Misjoinder of plaintiffs, not appearing by the complaint, may be taken advantage of by answer. If not so brought in question it is waived (Mills' Code, Sec. 55, Rev. Code, Sec. 61).

2.  BODY JUDGMENT—*Rescission of Contract for Fraud.*   One who by fraudulent misrepresentation has been induced to enter into a contract may either have his action for the deceit, or rescind the contract and recover what he has paid.   Relief in either form of action is grounded upon the allegation of fraud, and, prevailing in an action to rescind, he may, under the statute (Rev. Stat., Sec. 3024), have execution against the body.   The rescission of the contract is no waiver of the fraud.

3.  EVIDENCE—*Fraud*—The defendants induced plaintiff to purchase an interest in a worthless mine by falsely representing, among other things, that one of them had paid to the other a large sum of money for an interest in the property, exhibiting a check for the sum mentioned. In fact the check was drawn upon a bank where the drawer had no funds, and after the accomplishment of the fraud was

surrendered. In an action to rescind the purchase it was held that evidence of this false representation was properly admitted; that the rule that false representations by vendor as to what he has paid for what he proposes to sell, had no application.

4. PRACTICE IN SUPREME COURT—*Harmless Error*—Plaintiffs, by false representations of defendants, had been induced to purchase from one of them an interest in a leasehold of a worthless mine, and from the other an interest in an option from the owner of the same premises. Under this option so assigned to them, plaintiffs, moved by the same false representations, had purchased an interest from the owner, paying therefor a large sum of money. In an action by plaintiffs to rescind the transaction the district court allowed them the money obtained by defendants, but refused to make any award in respect of what had been paid by plaintiffs to the owner. This was assigned for error, as permitting a rescission in part; it being contended that plaintiffs should have been required to restore to the defendant owning the option, what they had purchased thereunder. *Held*, that as this would have required defendants to pay plaintiffs a large sum of money for what was of no value, the error if any was to the advantage of defendant, and not prejudicial.

*Error to Lake District Court.*—Hon. CHARLES CAVENDER, Judge.

Mr. R. D. McLEOD, Mr. JAMES T. HOGAN and Messrs. BARNETT & TELLER, for plaintiffs in error.

Mr. JOHN A. EWING, for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendants in error, plaintiffs below, brought an action against plaintiffs in error, as defendants to recover sums of money which, it was charged, had been obtained from them by fraud and willful deceit on the part of the defendants, and also to cancel all indebtedness or claims of indebtedness against the plaintiffs in favor of the defendants growing out of the same transaction. At the time this suit was instituted, there was another action pending by Springhetti against Albert Hahnewald, on a three thousand dollar note which had been given by Hahnewald to Springhetti in connection with

the above transaction, and it was agreed that that suit should abide the result of the trial of this action. The case was tried before the court, and the issues made by the pleadings found in favor of the plaintiffs, and a finding made that in committing the wrongs complained of in the complaint, the defendants were guilty of malice, fraud and willful deceit, and procured from the plaintiffs the sum of $5,333.33 by means thereof. Judgment was rendered accordingly, which provided that if the amount which the plaintiffs were adjudged to recover from the defendants was not paid within thirty days from the date the judgment was rendered, that then plaintiffs might have an execution against the bodies of the defendants, under which they could be committed to jail for a term of one year, unless the judgment was sooner paid. The defendants bring the case here for review on error.

The complaint alleged that plaintiff, Albert Hahnewald, and defendant, Louis Springhetti, were the owners of an undivided one-half interest each in a lease upon the Chautauqua lode mining claim; that at the same time the defendant, Julius Muller, was the owner of an option to purchase an undivided six-tenths interest in this claim from the owner, by virtue of which Muller was entitled to purchase such interest within a time specified for the sum of $2,400.00; that defendant Springhetti and plaintiff, Paul Hahnewald, were engaged in making preparations to work the property under their lease, and that during this time prospecting was done in a shaft thereon, and workings connected therewith, and that this prospecting was done by one Louis Beati, who took orders from the defendant Springhetti, neither of the plaintiffs having any control or direction over such work, in any way; that defendants, for the purpose of inducing these plaintiffs to purchase from Springhetti his one-half interest in the lease, and the option held by Muller, falsely represented to the plaintiffs that in the workings in which Beati was prospecting, great values in minerals were disclosed, and for the purpose of consummating such fraud, caused material to be taken from these

workings with which they mixed gold and silver in such man-
ner that assays of such material showed high values; that
for the purpose of deceiving and defrauding these plaintiffs,
they further falsely represented to them that in workings on
the premises there was a large quantity of high grade ore
which had been hidden and covered up by material which had
fallen from the roof, and also falsely represented to the plain-
tiffs that defendant Muller and other persons associated with
him had paid the sum of ten thousand dollars in cash for the
half interest of Springhetti in the lease; that in truth and in
fact, the material taken from the premises and assayed was of
no value whatever, until the same had been so mixed with
gold and silver that an assay thereof would disclose great
values; that plaintiffs believed the representations made to
them by the defendants in regard to the presence of valuable
ore in the mine, and the sale of Springhetti's interest in the
lease, and relying upon these representations, they purchased
from Muller a two-thirds interest in the lease, and also a two-
thirds interest in the option to purchase held by Muller, pay-
ing therefor the sum of $6,999.99, and agreed to pay the fur-
ther sum of $3,000, for which they executed their note. The
complaint then alleges that prior to the commencement of the
action, and as soon as they discovered the fraud which had
been practiced upon them, the plaintiffs notified the defend-
ants that upon the return of the sum of money which they
had paid, they would convey to the defendants the interest in
the lode mining claim which they had acquired in the lease
and the purchase of the option, and by apt statements in the
complaint, tendered and offered to assign these interests. The
plaintiffs prayed judgment against the defendants for the
amount they had paid, and for a judgment cancelling all in-
debtedness, or claim of indebtedness, against them in favor
of the defendants growing out of the transaction, and for a
finding, decree and judgment of the court that the defendants
were guilty of malice, fraud and willful deceit in the state-
ments and representations made by them in procuring such

sums of money, and that upon such finding, judgment and or-
der, the plaintiffs have an execution as provided in the statutes
of the state of Colorado against the bodies of the defendants,
under which they might be committed to jail under writ of
execution against their bodies, as provided by law.

To this complaint the defendants demurred upon the
ground that there was a misjoinder of plaintiffs, and also upon
the ground that the complaint did not state facts sufficient to
constitute a cause of action. This demurrer was overruled.
After this ruling the defendants answered. Counsel for de-
fendants contend the demurrer should have been sustained.
The objection to overruling the demurrer for misjoinder of
parties plaintiff, is not available to the defendants upon this
review. By answering and going to trial upon the merits,
they waived the right to question the ruling upon the de-
murrer for alleged misjoinder.—*The Sams Automatic Car
Coupler Co. v. League,* 25 Colo. 129; *The Diamond Rubber
Co. v. Harryman,* 41 Colo. 415; *City of Canon v. Manning,*
43 Colo. 144.

From the argument of counsel for defendants, we under-
stand the contention is made that the court erred in overrul-
ing the general demurrer, for the reason it appears facts are
not stated in the complaint sufficient to justify a body judg-
ment against the defendants, in that the action is for a rescis-
sion of the contract entered into by the plaintiffs, and for the
recovery of the amount paid by them, and while the ground
for rescission is deceit, they may not recover as for a tort that
with which they parted, as, by electing to rescind the contract,
they have waived the tort, and their action is in assumpsit for
money had and received, in which character of action a body
judgment can not be rendered. Where a party to a contract
discovers that he has been defrauded, either one of two reme-
dies is open to him—to rescind the contract and recover that
which he has paid, or to sue for damages on account of the
deceit. Whichever remedy he pursues, however, is based
upon fraud.

Section 3024, Rev. Stats. 1908, provides that in a civil action, when it shall appear from the pleadings and summons that it is founded upon tort, and judgment is rendered in favor of the plaintiff, and the verdict of the jury or the finding of the court shall state that in committing the tort complained of, the defendant was guilty of either malice, fraud or willful deceit, then, in such case, the plaintiff may have execution against the body of the defendant. In the case at bar the plaintiffs elected to rescind the transaction with the defendants and recover the money which they had been induced to pay by reason of such fraud and deceit, and for the cancellation of all indebtedness to the defendants growing out of the transaction. The basis, therefore, of the right of plaintiffs to rescind was the wrong which the defendants were charged with having committed, and the right to recover that with which they had parted was based upon the same ground; so that it appears clear the action of the plaintiffs was founded upon a tort. In other words, their right of action and the relief which they demanded grew out of an alleged tort, and this, we think, is what the statute means by an action founded upon tort, irrespective of what the action itself might be denominated in legal parlance. This is manifest from the language of the statute, which speaks of an action "founded upon tort." "Founded upon" means the bottom, or foundation, on which something rests or relies; so that, in speaking of an action founded upon tort, one was meant the basis or foundation of which was a tort.

Testimony was admitted, to the effect that Springhetti had represented to plaintiffs that Muller had paid him ten thousand dollars for his interest in the lease, and exhibited to them Muller's check in that sum. This, it is urged, was error, for the reason that a statement of a vendor as to the price paid for an article, though false and made with intent to deceive, will furnish no ground for action. In the circumstances of this case, the rule contended for is not applicable. It appears the Muller check was drawn on a bank, where he

did not have a cent to meet it, and was afterwards returned to the drawer; that the transaction between Springhetti and Muller, according to testimony adduced, was a mere subterfuge which they pretended was genuine, by the passing of a worthless check pursuant to an understanding between them that it would never be presented to the bank upon which it was drawn, the purpose of which was to cause the plaintiffs to believe that it was a *bona fide* transaction, because the property contained large quantities of valuable mineral. In brief, from the testimony of plaintiffs, it was a farce sale, which was part of a concerted scheme of defendants to induce plaintiffs to believe that the property contained valuable ore bodies. The statement of the sale was relied on by plaintiffs, and as it was an artifice on the part of defendants, in connection with other frauds and false representations made and resorted to for the purpose of deceiving the plaintiffs, it was properly admitted in evidence.

At the conclusion of the testimony, the defendants moved for a non-suit, based upon the ground that the evidence disclosed there was no community of interest between the plaintiffs in the subject of the suit; that is, that there was no joint interest, and hence, they could not maintain a joint action. What the evidence may disclose on this subject, we do not deem it necessary to consider, for the reason it presents the question that there was a misjoinder of plaintiffs. Section 55 of Mills' Code provides, that if an objection to a misjoinder of parties plaintiff be not taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. In the case at bar, the defendants demurred to the complaint upon the ground of misjoinder, but, as previously stated, having answered after this demurrer was overruled, they waived the right to question such ruling. Thereafter they could only raise it by answer, provided, of course, the alleged misjoinder did not appear on the face of the complaint. They interposed no such defense, and, therefore, under the provisions of the code, waived it.—*Keys v. Morrison,* 3 C. A.

441; *Sams Automatic Car Coupler Co. v. League, supra.*

It is also contended on behalf of defendants, that the evidence is insufficient to sustain the judgment rendered because it does not establish any conspiracy between the defendants, or that they, or either of them, committed the frauds charged.   It is unnecessary to undertake a review of the testimony further than to say, that, in our opinion, it is ample to establish the fraud and conspiracy charged in the complaint. There may be some conflict in the testimony bearing on these subjects; but that conflict was decided in favor of the plaintiffs, and, therefore, such finding will not be disturbed on review, when the finding made by the trial court is fully sustained by the evidence.

In the judgment rendered the court decreed that plaintiffs were not entitled to any relief on account of the purchase of the four-tenths interest in the property from the owner, who had given an option to purchase her interest to Muller.   This, it is urged, was error, for the reason that it allowed the plaintiffs to affirm in part and rescind in part; that is to say, if plaintiffs were entitled to rescind, the judgment should have required them to rescind in toto by restoring to Muller his option to purchase so much of the fee as they purchased under the option.   It appears from the testimony that plaintiffs purchased their interest in the title to the property from the owner direct, and paid her the money therefor, so that none of this purchase money ever came into the hands of the defendants. Such being the case, the trial court evidently determined that they should not be held for the amount of such purchase.   If this was error, it was in favor of the defendants, because if they were entitled to be placed in *statu quo* in respect to the option, then they should have been required to repay the plaintiffs the amount which they had expended in securing title to the four-tenths interest.   This would have increased the judgment something like sixteen hundred dollars.   The code, section 78, Mills', provides that errors in proceedings which do not affect the substantial rights of the parties shall be disre-

garded. We have often decided that error without prejudice will not work a reversal on review. The trial court evidently found (and the evidence fully sustains such finding), that the property was practically worthless. Such being the fact, end even if it be conceded that defendants were entitled to be placed in *statu quo,* with respect to the four-tenths interest, they cannot complain when, for such alleged error, they have escaped being required to pay sixteen hundred dollars or more, for that interest which it appears is of no substantial value.

The judgment of the district court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.

Decided March 3, A. D. 1913. Rehearing denied April 7, A. D. 1913.