## No. 13,634.

### WHEELER *v.* WILKIN.
(... P. [2d] ...)

Decided June 8, 1936.

Mr. J. F. Schneider, Mr. Charles H. Haines, for plaintiff in error.

Mr. John H. Reddin, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Florence G. Wheeler sued Frank J. Wilkin on a contract. At the close of plaintiff's case defendant moved for a nonsuit. The court granted the motion and dismissed the case. The plaintiff seeks a reversal of the judgment of dismissal.

1. One of the contentions of defendant in support of the judgment is that plaintiff previously sued defendant in tort for the same transaction, namely, for inducing her by false representations to purchase stock in a corporation; that that action was dismissed without prejudice to the right of plaintiff to bring another suit based upon the same cause of action; that she thereupon brought the present suit; that, having elected to sue in tort, she thereby waived her right to sue on contract;

that the former suit, therefore, is a bar to the present suit. We cannot uphold the contention. The premise is wrong. The former suit was not in tort. In that suit plaintiff alleged, in substance, that defendant, by false representations, induced plaintiff to purchase 30 shares of corporate stock and pay $3,000 therefor; that promptly upon discovering the fraud, plaintiff tendered back the stock and demanded the return of the purchase price, which demand defendant refused; that defendant, however, admitted his liability and agreed to pay interest on the amount until the repayment of the principal, and that if the officers of the company failed to repurchase the stock within one year, defendant would repurchase it at that time at par; and that in inducing the purchase of the stock, defendant was guilty of malice, fraud and wilful deceit. She demanded judgment for the $3,000, with interest, for a body execution, and for such other, further and different relief as to the court might seem proper. The complaint stated a good cause of action for money had and received, and that is an action on contract.

Upon discovery of the fraud, plaintiff had the right either to affirm the contract and sue for damages, or to rescind the contract and sue for the return of the money paid. *Springhetti v. Hahnewald,* 54 Colo. 383, 131 Pac. 266. The former would be an action in tort (deceit); the latter, an action on contract (assumpsit for money had and received). Where one has received money which in equity and good conscience he ought to pay over to another, the law creates a promise to pay, and if he refuses to pay, an action in assumpsit for money had and received will lie. *Springhetti v. Hahnewald, supra; Johnson v. National Sugar Mfg. Co.,* 88 Colo. 404, 297 Pac. 995; *Spencer v. Brundage,* 69 Colo. 520, 194 Pac. 1104; *Ph. Zang Brewing Co. v. Bernheim,* 7 Colo. App. 528, 44 Pac. 380; 2 R. C. L., pp. 778, 780, 782, 788.

The allegation that defendant was guilty of malice, fraud and wilful deceit and the prayer for a body execution did not convert that action into a tort action.

A body execution may issue in actions "founded upon tort." C. L. §5964. That does not mean in tort actions only. If an action grows out of a tort it is "founded upon tort" within the meaning of the statute. Defendant committed a tort when, by false representations, he induced plaintiff to purchase and pay for the stock. That tort gave plaintiff the right to rescind the contract and sue, as she did, in assumpsit for the return of the money she paid. In that manner plaintiff's right of action grew out of the tort, or, as the statute has it, was founded upon tort. In such case a body execution may issue regardless of the form of the action; that is to say, regardless of whether the action is in tort for damages or in assumpsit for money had and received. *Springhetti v. Hahnewald, supra.*

2. It is contended that the complaint herein does not state facts sufficient to constitute a cause of action. The complaint alleges, in substance, that on August 26, 1925, defendant represented to plaintiff that he (defendant) was vice-president of a hotel company, a Florida corporation; that the hotel was supported and backed financially by the citizens and merchants of Fort Pierce, Florida; that he only needed plaintiff's subscription "to put the project over"; that a bond had been arranged for from a bonding company or companies with which to cause the completion of the project; that at that time defendant offered to sell to plaintiff 30 shares of stock in the company for $3,000; that said representations were false and fraudulent, as defendant then well knew; that he made the same for the purpose of defrauding plaintiff; that, relying upon the representations and believing the same to be true, plaintiff paid defendant $3,000 and received the 30 shares of stock; and that upon discovering the falsity of the representations, plaintiff tendered the stock back to defendant and demanded a return of the money paid by plaintiff to him. Plaintiff further alleges that on April 1, 1926, she believed in good faith that she had a right of action against defendant to recover the $3,000

paid by her to him; that she notified defendant that an action would be brought for misrepresenting the stock, whereupon defendant promised that if plaintiff would forbear suing him, he, the defendant, in consideration of such forbearance, would pay to plaintiff the said $3,000 within one year, with interest at eight per cent per annum until paid; that plaintiff relied upon such promise and, so relying, refrained from suing defendant; that beginning March 21, 1927, and ending April 16, 1928, defendant made periodical payments of interest, aggregating $240; that plaintiff demanded payment of the balance due on principal and interest, but that no part thereof has been paid.

It is said that plaintiff does not allege that she accepted defendant's offer and agreed to forbear. It was not necessary for plaintiff to agree to forbear; it was sufficient that, in reliance upon defendant's request and promise, she did forbear to sue. It was the case of defendant's making an offer of a promise for an act (forbearance), and the only acceptance of the offer that was necessary was the performance of the act. *Marshall v. Old,* 14 Colo. App. 32, 59 Pac. 217; 6 R. C. L., p. 607.

2. Counsel for defendant says that the complaint fails to state facts sufficient to constitute a valid claim against defendant based upon fraud, hence fails to show that there was anything to forbear, and, therefore, that the alleged forbearance was no consideration for defendant's promise to pay.

(a) Counsel says that the alleged representations were not of a past or existing fact, but opinions or trade talk. At least one representation is not open to that objection; namely, that a bond had been arranged for from a bonding company with which to cause the completion of the project.

(b) It is objected that it is not alleged that defendant falsely represented the matters set forth. Considering the substance of the allegations, rather than their form,

we conclude that the complaint is not open to this objection.

(c) Another objection urged is that the complaint does not state positively that plaintiff relied upon the representations, but merely alleges "that relying upon such false and fraudulent representations," she bought the stock. In support of his position, counsel cites *Kilpatrick v. Miller*, 55 Colo. 419, 135 Pac. 780. There an allegation was, "That plaintiff would not have entered into the contract and advanced the money except in reliance upon the representations of the defendant." The court remarked: "This is a mere recital and not an allegation that he relied upon the representations made at the time by the defendant." As that was not the basis of the decision (see page 424, official report), the language was dictum. The complaint also contained the allegations that "acting and relying upon" these representations of the defendant, the plaintiff entered into the contract, and that "acting upon and believing" the representations to be true, the plaintiff advanced the money. The court did not criticise these allegations as insufficient. Judge Denison, in his excellent work on Code Pleading in Colorado, page 143, note 1, comments thus upon the allegation first quoted above from the Kilpatrick case: "The above quotation is as positive and precise as the English language can make it. The idea evidently is that 'except in reliance' is not an allegation that plaintiff relied, which is true; yet is there not a 'necessary implication' that plaintiff relied?" The law is thus stated in 21 R. C. L., p. 448: "* * * when the participial form of verbs is used in stating such facts, instead of tenses conveying the sense of more positive statement, while such form of statement is not to be commended, still, if it is plain that the facts are intended to be positively stated and alleged, such mode of allegation will not render the pleading bad on demurrer." Cases holding that the participial form of averment is given the same force and effect as direct averment, and cases

574

contra, are cited in 49 C. J., p. 91. In view of the fact that courts look to substance rather than to form, we consider the rule stated in 21 R. C. L., p. 448, to be more in harmony with the spirit of our Code. The rules governing criminal pleading (except where changed by statute) certainly are not less exacting than those governing pleadings in civil cases; yet in pleadings in criminal cases, we find many examples of adjudicated forms containing such averments as the following: (assault to ravish) "in the peace of the state then and there being"; (bribery) "being then and there charged with a criminal offense"; (bribery) "being then and there a member of the common council, * * * it being the duty of said common council"; (bribery) "then and there well knowing said crime to have been committed"; (burglary) "did break and enter with intent in and upon one Mary Boyd, being a white female in the said dwelling house then and there being," violently, etc., to ravish, etc. See numerous forms in 4 Wharton's Criminal Forms, Adjudicated.

Even if the form of the allegation may be regarded as a defect, it clearly does not affect the substantial rights of defendant, and such defects courts are required to disregard. Code of Civil Procedure, §§84, 439.

(d) It is said that plaintiff does not allege positively that the representations were made for the purpose of inducing plaintiff to buy the stock. The allegation in the complaint is "that said representations were false and fraudulent, as defendant then well knew; that he made the same for the purpose of defrauding plaintiff." It is said that the word "defrauding" is a mere legal conclusion. It is true that a complaint that states merely that defendant defrauded plaintiff would be insufficient. But where, as here, it appears from the complaint that defendant was in position to know the facts; that he spoke thereof as of his own knowledge; that he made a representation of a material fact; that the representation was false and fraudulent; that defendant knew it to be so when he made it; and that he made it for the purpose

of defrauding plaintiff;—it sufficiently appears, in connection with the other allegations of the complaint, quoted above, that defendant made the representation for the purpose of inducing plaintiff to buy the stock. That is so for the purpose of this suit, which is an action on an express contract to repay money in consideration of plaintiff's forbearing to sue defendant on a claim originating in fraud.

From the allegations of the complaint, it seems clear that plaintiff had a claim against defendant, honestly asserted and reasonable. Forbearance to sue on such a claim is a sufficient consideration to support defendant's promise to pay. 1 Williston on Contracts, §135. Indeed, even if the claim, so honestly asserted, were doubtful, it would seem that it would be a sufficient consideration for the promise. Williston, in the section cited above, says: "* * * probably at the present time every court would * * * hold * * * that forbearance or a promise to forbear suit upon a doubtful claim is sufficient consideration * * *."

We conclude that the complaint states facts sufficient to constitute a cause of action.

■ 3. Defendant's counsel says that the evidence was insufficient to sustain a judgment for plaintiff. In view of the fact that the case must be remanded for a new trial, we shall not review the evidence at length. It is enough to say that an examination of the record satisfies us that the evidence is sufficient to sustain the complaint, which, as we have seen, states a cause of action.

4. The hotel company, stock in which was sold by defendant to plaintiff, was organized by defendant and his associates. They issued a prospectus, which was introduced in evidence. There was evidence, and it was not denied, that the prospectus was shown by defendant to plaintiff at the time of the negotiation for the sale and purchase of the stock. It stated, among other things: "Capitalization. First Mortgage 8% Bonds due serially 1926-35, authorized, $500,000; outstanding, $500,000.

Participating Class A Common Stock ($100 par), authorized, 3,500 shares; outstanding, 1,750 shares. Common Stock Class B ($100 par), authorized, 1,500 shares; outstanding, 1,410 shares.'' Defendant, on cross examination, testified that the bonds were ''outstanding *but not subscribed*''; that the common stock (class A and class B), stated as outstanding, ''was *to be* outstanding.'' Plaintiff's husband, who acted for his wife in buying the stock, testified that defendant said, concerning the bond item, that they had negotiated the sale of the bonds for the construction of the hotel. No bonds were sold. The only stock that was sold was $10,500 worth of class A stock.

During the trial plaintiff asked leave to amend her complaint by adding the following allegations:

''11. Prior to the purchase of the stock of the Interstate Hotel and Development Company by the plaintiff, as alleged in the Complaint, the defendant, for the purpose of deceiving and defrauding the plaintiff, represented to the plaintiff that a large amount of bonds of the Interstate Hotel and Development Company had been issued and sold: to-wit: the sum of Five Hundred Thousand Dollars ($500,000.00) of said bonds, and that with said money a hotel site had been purchased and was owned by the Company; that a large amount of Class A stock had been sold; to-wit, the sum of One Hundred Seventy-five Thousand Dollars ($175,000.00) par value thereof and that the proceeds of the sale of said stock was to be used in furnishing said hotel and that the purchase by plaintiff of thirty (30) shares at Three Thousand Dollars ($3,000.00) would complete the sale of said Class A stock.

''12. Plaintiff believed said representations to be true and relied thereon when she bought said stock.

''13. Each and all of said representations contained in paragraph numbered 11 were false when they were made, were known by the defendant to be false and were

made for the purpose of inducing the plaintiff to purchase said stock.''

The undisputed evidence was that the hotel site was not purchased or owned by the company.

The court denied leave to amend, and plaintiff saved an exception. Remarks of the court made at the time indicate that the refusal was because the court thought that the amendment might take the defendant by surprise.

The matter of amendments is largely within the discretion of the court, and we cannot say that, in refusing leave to amend, the court abused its discretion.

For the error of the court in granting a nonsuit and in dismissing the action, the judgment is reversed, and the cause is remanded for a new trial.

The former opinion is withdrawn.

Mr. Justice Holland dissents.

Mr. Justice Hilliard did not participate.