No. 14,035.

Scott *v.* Boma Investment Company.
(72 P. [2d] 274)

Decided September 20, 1937.

Mr. Foster Cline, Mr. George A. Trout, for plaintiff in error.

Mr. Henry McAllister, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

ACTION by plaintiff in error for money had and received against defendant in error. The court below, after sustaining a certain motion to strike a special demurrer based upon nonjoinder of parties, a special demurrer based upon the statute of limitations, and a general demurrer based upon the complaint's not stating a cause of action, entered judgment of dismissal, and this action on the part of the trial court is assigned as error as the matter comes before us on review. The parties will be referred to as they were in the court below.

The action had its inception in a certain contract entered into in October, 1921, which said contract was and is in words and figures as follows, to wit:

"Memoranda of agreement made and entered into this twenty-sixth day of October, 1921, by and between Fred B. Rogers, Harry R. Rogers, George Goff, and W. H. Patten, parties of the first part, and Henry A. Miller, party of the second part. Witnesseth: Whereas, all of said parties have rendered services and expended money in gathering information and in procuring titles to oil lands in the Salt Creek Field, Natrona County, Wyoming, including the Linn, MacFarland, Andrew Simmons, Annen Simmons, and Milan, and are using their best efforts to secure other titles; and

"Whereas, the said Henry A. Miller, representing the parties of the first part, and himself, is negotiating for a settlement, sale, or other disposition of said titles, with the knowledge and consent of the parties of the first part, it is mutually agreed and understood that of any and all moneys, lands, royalties, or interests in lands or royalties or other property he may receive by and through such settlement, sales, etc., two (2%) per cent shall be paid to the abstracter of Natrona County, Wyoming, who has performed and is performing services in the aid of this enterprise, and all of the rest and residue of such receipts shall be divided equally between the five parties to this agreement, share and share alike.

"It is understood, that unless otherwise agreed in

writing, the said party of the second part shall not negotiate for a settlement, sale, or other disposition of said titles which will not realize to all of the parties to this agreement, and the said abstracter at least seventeen and one-half (17½%) per cent of the whole.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

> Fred B. Rogers (Seal)
> Harry R. Rogers (Seal)
> George Goff (Seal)
> W. H. Patten (Seal)
> Henry A. Miller (Seal)"

Plaintiff in error here is the "abstracter of Natrona county, Wyoming," mentioned in said contract.

We have already ruled that the contract was a valid one, and that, under the facts and circumstances in a case based upon the same contract, the statute of limitations was not a bar to a present action upon it. *Miller v. Goff*, 100 Colo. 545, 68 P. (2d) 915. Therefore, the only question remaining to determine in the instant case is whether or not the complaint states a cause of action.

The complaint, stripped of the surplus verbiage, alleges as follows: (1) That Miller, who was a party to the contract, was acting for Frederick G. Bonfils. (2) That Bonfils got the money. (3) That Bonfils was, for all practical purposes, the Boma Investment Company, which was composed of the members of his family. (4) That Bonfils transferred the money to the Boma Investment Company, without consideration. (5) That the Boma Investment Company still has this money. (6) That the plaintiff did not discover the facts which gave rise to this cause of action until a short time before the suit was brought.

The complaint alleges that Bonfils received $148,000 on one occasion, and paid plaintiff two per cent on only $125,000, and that on two other occasions, received $100,-000 and paid plaintiff nothing, and that all of said money

went to the Boma Investment Company, and that consequently plaintiff is here asking for two per cent of $223,-000, less the $1,952 paid him, or $5,008, together with interest.

This case falls well within the generally recognized rule that, "Where one has received money which in equity and good conscience he ought to pay over to another, the law creates a promise to pay, and if he refuses to pay, an action in assumpsit for money had and received will lie." *Wheeler v. Wilkin,* 98 Colo. 568, 58 P. (2d) 1223; *Springhetti v. Hahnewald,* 54 Colo. 383, 131 Pac. 266; *Johnson v. National Sugar Mfg. Co.,* 88 Colo. 404, 297 Pac. 995; *Spencer v. Brundage,* 69 Colo. 520, 194 Pac. 1104; *Gaskins v. Bonfils,* 79 Fed. (2d) 352; *Miller v. Goff, supra.*

While some of the above authorities are predicated upon fraud, it is not an essential element in this case. Recovery is allowable under the rule of constructive trusts or trusts ex maleficio. See recent annotation in 106 A. L. R. 332.

We think that the complaint herein states a good cause of action and that the motion to strike should have been overruled in its entirety, and that the special demurrer, based on the statute of limitations, and the general demurrer, based on the complaint's not stating a cause of action, should also have been overruled.

This makes it unnecessary to consider the defendant's cross assignments of error.

The judgment is accordingly reversed and the cause remanded with instructions to the trial court to proceed in accordance with this opinion.

Mr. Justice Bouck not participating.