Edward HART, Eugene F. Hart, Philip E. Hart, Jack W. Field, and Drew Pearson, Plaintiffs,

v.

BEN F. BRACK OIL COMPANY, Inc., a corporation, Brack Oil Company of Colorado, Inc., a corporation, Brack Drilling Company, Inc., a corporation, Ben F. Brack, Henry B. Brack and Leland E. Brack, Defendants.

Civ. A. No. 7212.

United States District Court
D. Colorado.

Jan. 24, 1962.

Louis I. Hart, Jr., Denver, Colo., and James W. Heyer, Denver, Colo., for plaintiffs.

O. Rex Wells, Fort Collins, Colo., for defendants Brack Oil Co. of Colorado, Inc., Brack Drilling Co., Inc., Henry B. Brack and Leland E. Brack.

DOYLE, District Judge.

The complaint describes claims by citizens and residents of Washington, D. C., Virginia, Wisconsin, and New York, against individual defendants and certain corporate defendants which are alleged to be conducting business in Colorado. There is no allegation that two of these corporate defendants have their principal place of business in Colorado.

The various plaintiffs demand restitution as to amounts paid for fractional interests in oil leases. The basis for the demand is the alleged failure of defendants to perform the terms and conditions of the agreement, including the drilling of the number of wells which, according to the allegations, the defendants agreed to drill. Plaintiff Edward Hart has demanded the sum of $7,320.00, the amount which he paid; plaintiff Eugene F. Hart seeks $1,830.00; the plaintiff Philip E. Hart has also demanded the sum of $1,830.00; the demand of plaintiff Jack W. Field is in the amount of $6,923.00, and that of plaintiff Drew Pearson is in the amount of $14,-357.47.

A second claim for relief describes fraudulent representations on the part of the defendants by reason of which the plaintiffs elect to rescind their agreements and recover the amounts paid, plus exemplary damages in the sum of $10,000.00 in favor of each of the plaintiffs against the defendants jointly and severally.

Although no return appears in the file, the Brack Oil Company of Colorado, Inc., the Brack Drilling Company, Inc., Henry B. Brack and Leland E. Brack have moved to dismiss the action and for a more definite statement. The grounds for the requested dismissal are: first, that the allegations do not sufficiently set forth facts showing diversity of citizenship; and, secondly, that certain of the defendants are indispensable and

necessary parties and can not be served within the District. Defendants also attack the complaint on the ground that it fails to sufficiently set forth facts constituting fraud. A third basis urged against all plaintiffs except Drew Pearson, is that the claims do not allege that the amount in controversy exceeds Ten Thousand Dollars ($10,000.00).

## I.

■ The motion to dismiss is good as to all the plaintiffs except Drew Pearson for the reason that the amounts alleged do not satisfy the jurisdictional requirement, all of the said amounts being less than $10,000.00. Title 28 U.S.C.A. § 1332.

## II.

■ The second claim for relief alleging fraud, rescission, and demanding exemplary damages is insufficient because exemplary damages are not recoverable in a rescission action and thus this amount does not serve to increase the demand of each individual plaintiff so that it exceeds the Ten Thousand Dollar requirement.

That there can not be recovery of exemplary damages in a rescission action under Colorado law is clear. See Aaberg v. H. A. Harman Company, Colo., 358 P.2d 601, and see Wheeler v. Wilkin, 98 Colo. 568, 58 P.2d 1223. See also Young v. Main, (8 Cir., 1934) 72 F.2d 640.

## III.

It is not possible from the present state of the record to determine whether the Court has jurisdiction of the corporate defendants as against the remaining plaintiff, Drew Pearson. Whether service can be obtained on these parties may well depend on whether they are doing business in Colorado. There are allegations in the complaint which indicate this. These allegations are disputed by the defendants but it is not possible to form a conclusion as to the true situation and it will not be possible to do so until the facts are presented. If it is determined that they are not subject to process, the issue whether they are necessary and indispensable parties will then be presented. It is, therefore,

ORDERED that the motion to dismiss as to the plaintiffs Edward Hart, Eugene F. Hart, Philip E. Hart, and Jack W. Field be and the same is hereby granted. The motion as to the second count in the Drew Pearson claim is also granted. The motion addressed to the first claim for relief for Drew Pearson is denied but this latter order is without prejudice to its being renewed after the jurisdictional facts emerge. It is

FURTHER ORDERED that the motion for more definite statement be and the same is hereby denied.

The defendants, at least those who have been served with process, are granted twenty days in which to file an answer to the first claim of the plaintiff Drew Pearson.