RINGSBY TRUCK LINES, INC.,
Appellant,

v.

Laurence J. BEARDSLEY, Appellee.

No. 17539.

United States Court of Appeals
Eighth Circuit.

May 4, 1964.

Tom B. Kretsinger and Beverly Baker Boyles, of Kretsinger, Kretsinger & Edell, Kansas City, Mo., Alvin J. Meiklejohn, Jr., of Jones, Meiklejohn, Kilroy, Kehl & Lyons, Denver, Colo., for appellant.

Carl E. Laurent, Kansas City, Mo., Richard L. White, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The threshold question presented by this appeal is whether the plaintiff Beardsley has stated a cause of action against the defendant Ringsby Truck Lines, Inc., (Ringsby) which satisfies

the jurisdictional requirements of 28 U.S.C.A. § 1332 as amended in 1958. It is conceded that diversity of citizenship exists between the parties. Thus the issue narrows to consideration of the question of whether the $10,000 jurisdictional amount is met. Plaintiff in his complaint alleges $6,000 actual damages. In brief he claims that at the trial he proved additional actual damages but does not claim that he has established actual damages in excess of $9,000. Exemplary damages of $25,000 are claimed. Hence jurisdiction is established only if exemplary damages are recoverable on the cause of action pleaded.

Defendant filed a timely motion to strike the claim for exemplary damages and to dismiss for want of jurisdiction. Such motion was overruled. Defendant renewed the jurisdictional attack by answer and persisted in such position throughout the trial. Jurisdiction was again challenged in motion for judgment n. o. v. which motion was overruled.

The case was submitted to the jury as an action for deceit. Judgment was entered upon a jury award for $2295.96 actual damages and $1650 punitive damages. This appeal followed.

The sufficiency of the printed record has been challenged. We have elected to resort to the original record pursuant to our Rule 8(f) and have read the entire record.

Defendant in its brief states:

"One cannot deny that fraud (which only for purposes of present argument, appellant will admit) is the operative fact but it must be remembered that this fraud can form the basis of both an action in rescission as well as an action in tort. * * * While the District Court construed this to be an action in tort for deceit, appellant submits that such a construction was erroneous and that it logically follows from the evidence at the trial, as well as from the allegations of the complaint, that appellee had chosen, at the time of discovery of the fraud, to pursue the remedy of rescission."

We shall accept defendant's concession of fraud as limited which obviates the necessity for a detailed discussion of the fraud issue.

The court, after a full discussion with counsel and apparently with their acquiescence, tried this case upon the basis that Colorado law controls. At least some of the material transactions occurred in Colorado. The lease Exhibit 1, which is made a part of the lease Exhibit 2 by reference, states its provisions shall be interpreted under the laws of Colorado. No one is here challenging the court's determination that Colorado law controls.

■ Under Colorado law, it is established beyond dispute that no recovery of exemplary damages is allowed in an action for rescission of a fraudulently induced transaction. Hart v. Ben F. Brack Oil Co., D.Colo., 201 F.Supp. 465; Aaberg v. H. A. Harman Co., 144 Colo. 579, 358 P.2d 601; Wheeler v. Wilkin, 98 Colo. 568, 58 P.2d 1223.

Hence, if defendant is correct in its contention that this is an action for rescission, exemplary damages would not be allowable and the $10,000 jurisdictional amount is not established. Thus the vital question is whether this is a rescission action or a deceit action.

■ Generally the question of the presence of the jurisdictional amount is to be determined by the allegations of the complaint, provided the allegations of the complaint are made in good faith. Stewart v. Shanahan, 8 Cir., 277 F.2d 233, 236.

■ Where the amount in controversy is challenged in an appropriate manner, the burden is on the plaintiff to establish the jurisdictional amount and if this burden is not met, the complaint should be dismissed for want of jurisdiction. KVOS, Inc. v. Associated Press, 299 U. S. 269, 279–280, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Federated Mut. Implement & Hardware Ins. Co. v. Steinheider, 8 Cir., 268 F.2d 734, 737–738.

In our present case, jurisdiction has been consistently challenged by the defendant. The motion filed before answer specifically raises the issue that exemplary damages are not allowable in the action pleaded and that without exemplary damages, the jurisdictional amount is not reached.

We will summarize the facts relevant to the jurisdiction issue. Defendant operates its interstate trucking business with tractors and trailers leased by it from its drivers. The drivers were required to provide the tractors and trailers they operated but were not required to purchase or lease them from the defendant. Plaintiff purchased a tractor from outsiders and leased a trailer from Interstate Express Car Corp. Such company's stock was owned by Mr. Ringsby as well as that of the defendant, and for purposes of this appeal we may treat the lease as having been made by the defendant. The lease of the trailer to the plaintiff, Exhibit 2, is in writing and provides that plaintiff shall pay as rent therefor 15% of the gross revenue earned which sum is to be deducted from sums due the plaintiff under Exhibit 1. Plaintiff, by written lease Exhibit 1, leased the tractor and the trailer (the same trailer covered by Exhibit 2) to the defendant. The lease provided in detail for the amount to be paid to plaintiff and the manner of payment. No controversy exists with respect to the validity or terms of either of the leases just described.

The dispute between the parties relates to an agreement giving the plaintiff a right to purchase the trailer covered by Exhibit 2. It is agreed that plaintiff is entitled to an option to purchase the leased trailer at its appraised value and that rental payments made on the trailer are to be credited upon the purchase price. The agreement with respect to the option is oral. Plaintiff's claim is that he was induced to enter into the lease of the trailer, Exhibit 2, by fraudulent representations with respect to the appraised value of the trailer.

Paragraph 4 of the complaint states defendant induced plaintiff to lease the trailer from the defendant by fraudulent representations that plaintiff would have an option to purchase the trailer for $9,500 with rentals paid credited upon the purchase price. The elements of fraud are pleaded and the case was submitted to the jury on the basis of a represented option price of $10,200.[1]

It is not entirely clear from the complaint whether plaintiff is pleading a cause of action in deceit or rescission as the complaint contains allegations pointing both ways. Paragraph 6 states by way of conclusion that the plaintiff exercised the option to purchase the trailer for the agreed price less rentals paid and that the defendant refused to sell. No payment or tender is alleged. Moreover, plaintiff is not seeking any relief by way of specific performance or otherwise to enforce the option. On the contrary, as hereinafter set out, plaintiff had voluntarily surrendered the subject matter of the option when plaintiff had rescinded and terminated the lease to which the option was an appendix some fourteen months before commencing this action.

Paragraph 7 of the complaint reads:

"That Plaintiff, thereupon returned the semi-trailer to Defendant and demanded the return of the amount of money already paid to Defendant by Plaintiff for the purchase of the semi-trailer, which Defendant failed and refused to repay."

Paragraph 9 asserts that the plaintiff by reliance upon the fraudulent representations has sustained $6,000 in damages.

1. In submitting the case to the jury, the court authorized the jury in event they found fraud to award the plaintiff as damages the difference between the $9,000 value of the trailer at the time of the attempt to exercise the option and the represented option price the court found supported by the evidence, $10,200, less the admitted rental payments up to that time in the agreed amount of $3895.96. This difference amounts to $2695.96, which sum is the maximum amount the jury was authorized to find as actual damages.

Paragraph 10 asserts a claim for $25,000 exemplary damages.

■ Upon the basis of the complaint as a whole, we believe the action to be one for rescission. 37 C.J.S. Fraud § 65 states:

"One who has been injured by fraud may elect to accept the situation created by the fraud and seek to recover his damages or he may elect to repudiate the transaction and seek to be placed in statu quo. As a general rule, however, the defrauded party cannot both rescind and maintain an action for deceit. If he elects to rescind the contract he may recover what he has parted with under it but cannot recover damages for the fraud. The latter rule as applied to a perfected rescission of the contract is based not alone on the principle that the party has elected his remedy, but also on the fact that he has sustained no damage. The election must be promptly made, and when the election is once made it is final and conclusive."

The laws generally, including those of Colorado and Missouri, are in accord with the foregoing rule. Brown v. Alkire, 10 Cir., 295 F.2d 411; Aaberg v. H. A. Harman Co., supra; Wheeler v. Wilkin, supra; Tisdel v. Central Savings Bank & Trust Co., 90 Colo. 114, 6 P.2d 912, 917–918; Burton v. Auffenberg, Mo.App., 357 S.W.2d 218, 222; Dowd v. Lake Sites, 365 Mo. 83, 276 S.W.2d 108, 112; Nickerson v. Whalen, Mo.App., 253 S.W.2d 502, 507; Brown v. South Joplin Lead & Zinc Mining Co., 231 Mo. 166, 132 S.W. 693.

The Colorado court in Tisdel v. Central Savings Bank & Trust Co., supra, pp. 917–918 of 6 P.2d, states:

"When one is induced through false and fraudulent representations to enter into an agreement, upon discovery thereof, he has an election to either rescind, in which event he must tender back that which he has received, or he may affirm the agreement, and maintain his action in

damages for deceit, but his election must be promptly made, and, when once made, is final."

In Aaberg v. H. A. Harman Co., supra, p. 603 of 358 P.2d, the court cites and approves the language from Wheeler v. Wilkin, 98 Colo. 568, 58 P.2d 1223, reading:

"Upon discovery of the fraud, plaintiff had the right either to affirm the contract and sue for damages, or to rescind the contract and sue for the return of the money paid. * * * The former would be an action in tort (deceit); the latter, an action on contract (assumpsit for money had and received)."

The court on the facts in that case held that the plaintiff had rescinded and that the action was for money had and received and that no exemplary damages were allowable.

In Young v. Main, 8 Cir., 72 F.2d 640, 643, a case involving Iowa law, this court was confronted with a problem very similar to that here presented. There, as here, the allegations of the petition were broad enough to support an action in deceit but the court holds the action to be one for rescission, stating:

"The petition does set up all the elements necessary to support an action in deceit, and, were it not for the allegation that the plaintiff duly rescinded the contract of purchase, the claim of the plaintiff that the action was one in tort would be well founded."

The court also states:

"But there is even a stronger reason why we cannot consider the cause of action as pleaded to be an action on the case. This court has determined that, where a contract is obtained by fraud, the person defrauded has two remedies, and, as they are inconsistent, he must elect which one of the remedies sought he shall pursue. He may in effect affirm the contract and sue the party who defrauded him for his damages, or he may repudiate the contract

and recover the purchase price paid. As these rights are inconsistent, he cannot do both. Issenhuth v. Kirkpatrick, (C.C.A.) 258 F. 293; Cheney v. Dickinson (C.C.A.) 172 F. 109, 111, 28 L.R.A. (N.S.) 359; Wilson v. New U. S. Cattle-Ranch Co. (C.C.A.) 73 F. 994. A fortiori, if an injured person pleads the rescission, he certainly cannot then say that his action is one in tort; as the manifest inconsistency of his position is too apparent." 72 F.2d 640, 642.

The court then went on to hold that exemplary damages were not recoverable in a rescission action and dismissed the case for want of jurisdiction because the elimination of the exemplary damage claim brought the amount asked below the jurisdictional amount.

■ In our present case, it is plaintiff's claim that the asserted fraud with respect to the option price induced him to enter into the lease of the trailer. His allegations in paragraph 7 heretofore set out conclusively demonstrate that he disaffirmed the fraudulently induced lease and that he returned the leased trailer to the defendant and demanded the return of the rental and expenses he had paid. Plaintiff by rescinding the lease terminated all future obligations under the lease, including his obligation to pay any further rent. Under the authorities heretofore cited, the plaintiff having effectively rescinded the lease, has disaffirmed the lease and has thereby lost his right to maintain an action for deceit. Any doubt that plaintiff intended this to be an action for rescission and restoration of the rental and expenses paid is resolved by the proceedings at the trial. Plaintiff's counsel in his opening statement told the jury that the plaintiff, after he learned defendant would not sell the trailer to him for $9,500 less rentals paid, then advised the defendant that he did not want the trailer and shortly thereafter plaintiff, having purchased another trailer in November, returned the trailer which he had leased from Ringsby. Plaintiff asserted that he was entitled to the money he had paid defendant and his expenses. Plaintiff's testimony at the trial is to the same effect.

At the close of plaintiff's evidence, plaintiff was still urging rescission of the lease as is reflected by the following colloquy between the plaintiff's counsel and the court:

"Mr. Laurent: It is still our contention that he lost the monies that he paid out.

"The Court: He couldn't have lost all of the money he paid out.

"Mr. Laurent: He not only paid out the rentals, he maintained the trailer, he paid all repairs, maintenance, taxes, tires.

"The Court: I don't see why you are so hard-headed about this, really, I don't. I am trying to treat you gently as I can.

"Mr. Laurent: I realize that.

"The Court: And you are just like a mule about it."

Plaintiff admitted that he had driven the trailer some 150,000 miles. It was agreed that he had paid the sum of $4,350.80 as rent for the trailer. The court correctly took the position that he could not recover the entire rentals paid as the use of the trailer was worth something. Plaintiff's counsel was given an opportunity to consult with his client and upon return stated that his client would testify on the value of the option on the day that he negotiated for its exercise. The court, among other things, then stated: "You would come nearer staying out of trouble if you had evidence on the rental value compared to what he paid, but I guess this is all right."

The court permitted the plaintiff to reopen his case, whereupon plaintiff testified that the value of the trailer at the time he attempted to exercise the option was $9,000. At the conclusion of all of the evidence, the court in chambers inter alia stated:

"Well, there was a controversy, and I just ruled against your measure of damages theory. And I would

hate for you to get up in court of appeals and somebody say, 'What are you doing in Federal court, anyway?' They do that. They say, 'Just pack up and go home. This case is reversed and remanded with directions to the trial Court to dismiss it for lack of jurisdiction.' It doesn't even have to be raised. But I suppose your claim totaling some $9,000, plus a claim for punitive damages, put it in controversy. You don't have to be able to recover it. You must have a genuine, bona fide controversy concerning it. So I am not going to turn back now. We are too near the other shore."

We hold that the allegations of the complaint show that plaintiff, upon discovery of the fraud which he claimed induced him to enter into the lease Exhibit 2, elected to disaffirm the lease and rescind the same and demand the return of the money that he had paid. Such allegations are confirmed and supported by the proceedings at the trial in this case. Plaintiff by carrying out the rescission of the lease has lost his right to sue in tort for deceit. Plaintiff's action for rescission in which exemplary damages are not allowable does not meet the required jurisdictional amount.

We do not disagree with the trial court's view that Fed.R.Civ.P. 15(b) gives the trial court a broad discretion in permitting amendments to conform to proof. Such rule is of no help here as plaintiff by disaffirming and rescinding the lease and returning the trailer has placed himself in a position where he cannot affirm the contract and bring an action for deceit.

There is no merit to plaintiff's contention that the court's instruction, not objected to, submitting the case on the theory of deceit became the law of the case and bound the defendant. See Hanson v. Ford Motor Co., 8 Cir., 278 F. 2d 586, 593; Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, 861–62. Defendant in our present case at all stages made appropriate challenges to jurisdiction.

Our decision on the jurisdiction issue disposes of this case. We do not reach other issues raised. Since the dismissal is based on jurisdictional grounds, the dismissal is without prejudice to the plaintiff's right to assert his cause of action in a court having jurisdiction.

Reversed and remanded with directions to dismiss for want of jurisdiction.