**HAYES BROTHERS FLOORING CO.,**
Plaintiff,

v.

**KENWORTH MOTOR TRUCK CO.,**
Defendant.

No. B–71–C–7.

United States District Court,
E. D. Arkansas, N. D.

March 14, 1973.

John Norman Harkey, of Harkey & Walmsley, Batesville, Ark., for plaintiff.

H. David Blair of Murphy, Arnold & Blair, Batesville, Ark., for defendant.

Memorandum and Order of Remand

HENLEY, Chief Judge.

This action at law for damages resulting from alleged negligence in the repair of a motor vehicle was commenced by plaintiff, Hayes Brothers Flooring Co., against the defendant, Kenworth Motor Truck Co., in the Circuit Court of Izard County, Arkansas. The case was timely removed to this Court on the basis of diversity of citizenship and an alleged amount in controversy in excess of $10,000.

The case duly came to issue and was set for trial at Batesville, Arkansas, during the December 1972 session of Court held at that point. By agreement the case was removed from the trial docket, and it was further agreed that it would be submitted to the Court upon two discovery depositions.

Before considering the depositions the Court reexamined the pleadings in the case and noted that the total amount of plaintiff's demand was $11,100. The Court also noted, however, that the complaint showed on its face that $2,000 of the amount claimed was attributed to loss of use of the vehicle allegedly caused by the negligence of the defendant. And loss of use damage is not recoverable in Arkansas in a case of this kind. It is obvious that if the $2,000 item is eliminated in determining whether jurisdictional amount is present, the remainder of the demand does not meet the jurisdictional requirement of 28 U.S.C.A., section 1332(a) and section 1441(a).

■ It is elementary that federal subject matter jurisdiction cannot be conferred by consent, and 28 U.S.C.A., section 1447(c) specifically provides that if at any time before final judgment it appears that a case was removed from State court improvidently and without jurisdiction, the federal district court is to remand the case to the State court whence it was removed.

■ In an action to recover unliquidated tort damages jurisdictional amount is generally determined by reference to the amount claimed by the plaintiff when the suit was filed or at the time of removal, and the fact that plaintiff may ultimately recover less than the federal jurisdictional amount does not defeat federal jurisdiction. That general rule, however, is subject to an important exception which is applicable to this case and which requires it to be remanded to the Circuit Court.

■■ If as a matter of substantive State law the plaintiff cannot recover more than $10,000, exclusive of interest and costs, the federal court has no jurisdiction even though plaintiff may ask for judgment in excess of the jurisdictional minimum. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. And if an element of damage claimed by a plaintiff is not recoverable as a matter of substantive law, that element cannot be considered in determining jurisdictional amount. Ringsby Truck Lines, Inc. v. Beardsley, 8 Cir., 1964, 331 F.2d 14; Wright On Federal Courts, 2d Ed., § 33, p. 112.

In *Beardsley*, supra, plaintiff sued in federal court in Missouri to rescind a contract on the ground of fraud. In addition to rescission plaintiff sought compensatory damages in the amount of $6,000 and punitive damages in the amount of $25,000. The controlling substantive law was that of Colorado, and under that body of law punitive damages are not recoverable in an action for rescission. The Court of Appeals held that the $25,000 figure should have been left out of account in determining the question of jurisdiction, and that the complaint should be dismissed for lack of jurisdiction.

In an effort to sustain this Court's jurisdiction, counsel for defendant cites Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. In that case the Supreme Court held that the question of whether a federal court has jurisdiction of a case is different from the question of whether the complaint states a cause of action. This Court recognized that distinction in Norton v. Blaylock, Commissioner of Welfare, W.D.Ark., 1968, 285 F.Supp. 659, aff'd, 8 Cir., 1969, 409 F.2d 772.

In Bell v. Wood, supra, plaintiff filed suit against the Government on the basis of the fact that federal agents had allegedly unlawfully searched his premises and had unlawfully arrested and imprisoned him. He sought damages in excess of $3,000 and predicated jurisdiction expressly and squarely upon 28 U.S.C.A. (former Ed.), section 41(1). The Government moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The District Court, however, dismissed the complaint for lack of subject matter jurisdiction, and the Court of Appeals affirmed. The Supreme Court reversed holding that where jurisdiction is predicated upon the Constitu-

tion and laws of the United States and where the demand meets the jurisdictional amount requirement the federal court has "jurisdiction" of the case, unless the claim is plainly insubstantial and frivolous or unless the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, and that this is so whether the complaint states a cause of action or not.

In Norton v. Blaylock, supra, plaintiff, a discharged employee of the Arkansas State Welfare Department, sued the Welfare Commissioner alleging that her discharge violated federally protected rights. Jurisdiction was predicated upon 42 U.S.C.A., section 1983, read in connection with 28 U.S.C.A., section 1343(3). The Commissioner moved to dismiss the complaint for lack of jurisdiction. This Court said (p. 661 of 285 F.Supp.):

> "The motion to dismiss, as drawn, raises only the question of whether or not this Court has subject matter jurisdiction. The Court considers, however, that there is also involved the further question of whether the complaint states a cause of action under either the Constitution or laws of the United States. Those two questions are separate and distinct from each other. While the difference may be largely one of semantics, it can be confusing as pointed out . . . in Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249 [,71 S.Ct. 692, 95 L.Ed. 912]. . . ."

The Court then held that it had jurisdiction, but that the complaint did not state a cause of action.

■ The instant case does not present a Bell v. Hood situation. In Bell v. Hood the question was not whether the complaint satisfied the jurisdictional amount requirement of what is now 28 U.S.C.A., section 1331(a) but whether plaintiff was entitled to recover anything from the Government on the basis of the facts alleged in the complaint. Here there is no question that the complaint states a cause of action against the defendant, but the full amount claimed is not recoverable as a matter of Arkansas law, and the portion that is not recoverable must be disregarded in determining jurisdictional amount.

It is ordered that the cause be, and it hereby is, remanded to the Circuit Court of Izard County, Arkansas, for further proceedings according to law.