**TODD DISTRIBUTING, INC.**

v.

**George STROUTHOPOLOS, Michael S. Pinelli and Susan M. Bruno d/b/a Minion, Inc.**

**Civ. A. No. 88-0436B.**

United States District Court, D. Rhode Island.

Jan. 27, 1989.

Edmond A. DiSandro, Providence, R.I., for plaintiff.

Avram N. Cohen, Providence, R.I., for defendants.

**REPORT AND RECOMMENDATION**

JACOB HAGOPIAN, United States Magistrate.

Before the Court is defendants' motion for a stay of the trial action pursuant to Title 9 U.S.C. § 3. Movants ask for a stay of further proceedings in order to allow the arbitration process to operate under the Federal Arbitration Act. In support of their motion, defendants urge that the subject matter of the instant action is on a contract entered into between plaintiff and defendants. Included within the so called contract is an arbitration clause. Also be-

cause the contract involves transactions in interstate commerce, defendants urge that the Federal Arbitration Act is applicable and must be applied by this Court. *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345 (10th Cir. 1973).

On June 9, 1987, plaintiff entered into an agreement with Minion, Inc. whereby plaintiff agreed to purchase a $30,000 distributorship contract. The contract was entered into through defendants who represented themselves as officers of Minion, Inc. On December 1, 1986, Minion, Inc.'s Certificate of Incorporation had been revoked by the State of Rhode Island. There is no evidence that the Certificate has been reinstated.

Plaintiff brought this action against defendants for fraud and deceit and for breach of the terms and conditions of the contract. Additionally, in his complaint, he asks for rescission of the contract and for damages. On its face, plaintiff's complaint appears inconsistent with the general rule that one who elects to rescind a contract obtained by fraud cannot recover damages as for its breach. "One who has been injured by fraud may elect to accept the situation created by the fraud and seek to recover his damages or he may elect to repudiate the transacation and seek to be placed in status quo ..." but cannot do both. *Ringsby Truck Lines, Inc. v. Beardsley*, 331 F.2d 14 (8th Cir.1964); 12 S. Williston, A Treatise on the Law of Contracts § 1523 (3d Ed.1970).

Plaintiff's memorandum offers some clarification as to the duality of the relief which he seeks in the complaint. Plaintiff in argument says that he is not suing on the alleged contract between him and the nonexistent corporation. Instead, he says that he is suing these individual defendants "directly for the perpetration of fraud and deceit." Thus, it appears that plaintiff has elected to affirm the contract and sue for damages as his remedy rather than one of rescission and restitution. This election of remedy is final and conclusive. *Ringsby, supra.*

The Supreme Court has held that the Federal Arbitration Act is applicable to a diversity action in which there is a claim of fraud in the inducement, as here, where (1) there is no evidence that contracting parties intended to withhold such issue from arbitration, (2) arbitration clause is broad enough to include claim of fraud in inducement of contract generally, and (3) there is no claim of fraudulent inducement to enter into arbitration agreement itself. *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

Although the instant case is also an action for fraud in the inducement, it is distinguishable from *Prima Paint.*

The facts in the *Prima Paint* case are distinguishable from the facts in the instant case. In *Prima Paint*, the plaintiff alleged that it had entered into an agreement with a company that represented it was solvent and planned to file a bankruptcy petition shortly after executing the agreement. In *Prima Paint*, unlike here, it was still an existing legal corporation at the time it entered into the agreement. In the instant action, it is clear that at the time the parties entered into the distributorship contract Minion, Inc. was a nonexisting corporate entity lacking any legal capacity.

Be that as it may, the instant action for fraud and deceit at plaintiff's option is in effect an action to affirm the contract and not one for rescission. So characterized and without more, the plaintiff should not be allowed to pick and chose the various provision of the contract to be given effect.

By reason of plaintiff's affirmance of the contract, plaintiff affirms the Federal Arbitration Clause thereof and makes the same applicable to the instant action.

*Recommendation*

I recommend that the instant motion to stay be granted and the matter be referred to arbitration.